UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| MICHAEL BILLINGS and KATHLEEN BILLINGS, | ) ) ) | CHAPTER 13 |
| | ) | CASE NO. 14-12874-ELF |
| DEBTORS. | ) ) | |
| _____ | ) ) ) | |
| MICHAEL BILLINGS and KATHLEEN BILLINGS on behalf of themselves and those similarly situated, | ) ) ) ) ) | |
| | ) | ADV. PROC. NO. |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | CLASS ACTION |
| PORTNOFF LAW ASSOCIATES, LTD., | ) ) ) | |
| DEFENDANT. | ) ) | |

### **C O M P L A I N T**

### **INTRODUCTION**

1.    This is a class action brought under the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (hereinafter "the Bankruptcy Code"), seeking declaratory and injunctive relief as well as money damages for the individual Plaintiffs and the Plaintiff Class they represent. Plaintiffs' claim is based on Defendant illegally continuing Sheriff's sales by filing motions for continuance with the State Courts of Common Pleas *ad infinitum* in violation of section 362(a)(1) of the Bankruptcy Code without obtaining relief from the automatic stay.

2.    Section 362(a)(1), title 11, United States Code, provides that:

"a petition filed under section 301, 302 or 303 of this title…operates as a stay applicable to all entities, of—(1) the commencement or *continuation,* including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1).

3. Plaintiffs recognize that the Third Circuit has held in *Slick v. Taylor*, 178 F.3d 698 (3d Cir. 1999) that oral postponement or continuation of a sheriff's sale pursuant to Pennsylvania Rule of Civil Procedure 3129.3(b) is not a stay violation, however, the *Slick* holding does not stretch so far as to allow creditors to file motions to continue a sheriff's sale with the state court absent relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

4. Moreover, the defendant law firm in this case represents municipalities throughout the Commonwealth of Pennsylvania and, consequently, attorney's fees connected with its municipal liens are statutorily included in such lien pursuant to 53 Pa. C.S. § 7101.

5. Maintaining the "status quo", which was the underpinning theory of the Third Circuit's holding in *Slick,* is not the case where the Plaintiffs and Plaintiff class are subject to additional legal fees in connection with the motions herein complained of. *See In re Townsville*, 268 B.R. 95 (Bankr. E.D. Pa. 2001).

6. Furthermore, the filing and service of Motion pleadings for the continuances, requiring review or response by debtor's counsel and requesting judicial action in and from the state courts, is clearly the commencement or continuation of a judicial action against the debtor which is particularly proscribed.

### Jurisdiction

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1334 in that this proceeding arises under title 11 of the United States Code. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(O).

### Parties

8. Plaintiffs/Debtors are individuals who reside at 600 Jolene Drive, West Chester, Chester County, Pennsylvania 19382.

9. Defendant Portnoff Law Associates, Ltd. ("Portnoff Law") is a law firm that does business in the Commonwealth of Pennsylvania and, in this Chapter 13 case and many other bankruptcy cases filed in this judicial district, represents municipalities and municipal authorities located within the Commonwealth of Pennsylvania. Portnoff Law is located at 1000 Sandy Hill Rd #150, Norristown, PA 19401.

CLAIMS FOR RELIEF:

### Count I

### (Violation of 11 U.S.C. § 362(a)(1))

10. Paragraphs 1 through 9 hereof are repeated and incorporated herein by reference.

11. On April 11, 2014, Plaintiffs Michael T. Billings and Kathleen Billings filed a Chapter 13 petition with this Honorable Court at case No. 14-12874.

12. Prior to the commencement of the Chapter 13 case, the Defendant Portnoff Law filed a municipal lien action on behalf of West Bradford Township against the Plaintiffs for unpaid sewer, trash and hydrant fees totaling $4,452.78 in the Chester County Court of Common Pleas, case number 2013-02220-LN, on March 11, 2013.

13. On July 10, 2013, Defendant on behalf of West Bradford Township obtained a default judgment against the Plaintiffs in the municipal lien lawsuit in the Chester County Court of Common Pleas for $5,259.61.

14. On November 11, 2013, Defendant filed praecipe for a writ of execution in the municipal lien action from the Chester County Court of Common Pleas dated November 22, 2013 and subsequently obtained a writ of execution thereby allowing the Defendant to schedule a Chester County Sheriff's Sale to auction the Plaintiffs' real property located at 600 Jolene Drive, West Chester, PA 19382 to satisfy the municipal sale.

15. As noted by paragraph 11 *supra*, the Plaintiffs' filing of their Chapter 13 petition on April 11, 2014 automatically stayed the Chester County Sheriff's Sale and Defendant gave oral notice at the scheduled sheriff's sale that the sale of the Plaintiffs' real property was continued to a later date.

16. Defendant filed a paper entitled "Request for Notices and Service of Papers" on behalf of West Bradford Township on May 22, 2015 with this Honorable Court (Document #19) wherein the Defendant shows that it had notice and knowledge of the Plaintiffs' Chapter 13 case.

17. Additionally, on May 22, 2015, Defendant filed a proof of claim with this Honorable Court on behalf of West Bradford Township for $9,554.70, of which $3,796.36 constitutes the principal owed on a municipal lien for sewer, trash, and hydrant fees, $595.94 constitutes interest, $1,665.00 comprises attorney fees, $2,409.49 constitutes court costs, and $44.55 comprises other costs for a total of $8,511.37; the Defendant's claim amount is amortized at 10% statutory interest over the life of the Plaintiffs' Chapter 13 plan and, thus, totals to $9,554.70.

18. On August 20, 2014, without obtaining relief from the automatic stay from this Honorable Court, Defendant Portnoff Law filed a written motion with the Chester County Court of Common Pleas seeking to continue the Chester County Sheriff's sale to August 21, 2014. Plaintiffs' counsel was served via fax a copy of said motion, which was granted by the state court on August 20, 2014, and the sheriff's sale of the Plaintiffs' property was continued to August 21, 2014.

19. On October 15, 2014, again without obtaining relief from the automatic stay from this Honorable Court, Defendant Portnoff Law filed a written motion with the Chester County Court of Common Pleas seeking to continue the Chester County Sheriff's sale to October 16, 2014 with Plaintiffs' counsel being served by fax; the motion was granted by the state court and the sheriff's sale of the Plaintiffs' property was again continued to October 16, 2014.

20. On January 14, 2015, again without obtaining relief from the automatic stay from this Honorable Court, Defendant Portnoff Law filed a written motion with the Chester County Court of Common Pleas seeking to continue the Chester County Sheriff's sale to April 16, 2015 with Plaintiffs' counsel being served by fax; the motion

was granted by the state court and the sheriff's sale of the Plaintiffs' property was continued to April 16, 2015.

21. This Court confirmed the Plaintiffs' Chapter 13 plan on February 2, 2015 wherein the West Bradford Township debt would be paid in full through the Standing Chapter 13 Trustee William C. Miller pursuant to the confirmed plan.

22. Plaintiffs' confirmed Chapter 13 plan provides for the secured claim of Defendant's municipal client and binds that creditor to the terms of the plan under the 11 U.S.C. § 1327(b). A copy of West Bradford Township's secured proof of claim filed in this case is attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth herein.

23. On April 14, 2015, again without obtaining relief from the automatic stay from this Honorable Court, Defendant Portnoff Law filed a written motion with the Chester County Court of Common Pleas seeking to continue the Chester County Sheriff to September 17, 2015 with Plaintiffs' counsel being served by fax; the motion was granted by the state court and the sheriff's sale of the Plaintiffs' property was continued to September 17, 2015.

24. On September 16, 2015, again without obtaining relief from the automatic stay from this Honorable Court, Defendant Portnoff Law filed a written motion with the Chester County Court of Common Pleas seeking to continue the Chester County Sheriff to November 19th, 2015; the motion was granted by the state court and the sheriff's sale of the Plaintiffs' property was continued to November 19, 2015. A True and correct copy of the Docket Entries from the Chester County Court of Common Pleas, showing the five motions complained of, is attached hereto as Exhibit "B" which is incorporated by reference.

25.     Plaintiffs believe and therefore aver that the repeated written motions to continue sheriff sale, without first obtaining relief from the automatic stay under 11 U.S.C. § 362(d) from this Honorable Court, violates the automatic stay of 11 U.S.C. § 362(a).

26. Pa. R.C.P. 3129.39(b) allows defendant to continue a sheriff's sale twice within 130 days without court permission, and such rule was specifically referenced as the basis for *Slick v. Taylor*, 178 F.3rd 698 at 703 (3rd Cir. 1999).

27. Defendant has clearly overstepped the leeway granted in *Slick*, s*upra*, because it repeatedly requests judicial action and, among other things, changes the status quo by burdening the debtor with repeated relisting of the sheriff's sale and attendant legal fees.

28.     Plaintiffs are entitled to injunction and declaratory relief under the Bankruptcy Court's inherent powers as well as 11 U.S.C. § 105(a) to order that the Defendant cease and desist from repeatedly filing written motions with the Chester County Court of Common Pleas to continue Sheriff's sales because such violates the automatic stay and/or the confirmation Order entered in this Chapter 13 case.

29.     Plaintiffs are also entitled to actual or compensatory damages by virtue of Defendant Portnoff Law violating the automatic stay of 11 U.S.C. §362(a)(1) and for reimbursement attorney's fees or costs pursuant to 11 U.S.C. §362(k)(1) as actual or compensatory damages, plus punitive damages pursuant to 11 U.S.C. §362(k)(1) to punish Defendant for its wrongful conduct and to dissuade others from perpetuating similar conduct.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant Portnoff Law for actual and punitive damages pursuant to 11 U.S.C. §362(k)(1) as well

as declaratory and injunctive relief to enjoin the Defendant from filing further written motions to continue the Chester County Sheriff's Sale.

## COUNT II

## CLASS ACTION ALLEGATIONS

30. Paragraphs 1 through 29 hereof are repeated and incorporated herein by reference.

31. This action is brought as a class action pursuant to Federal Rule to Bankruptcy Procedure 7023 and Federal Rule of Civil Procedure 23(b)(2) because Defendant had acted on grounds generally applicable to the Class, thereby making appropriate declaratory and injunctive relief for the Class as a whole.

32. The Plaintiff Class consists of all individuals who (1) are Chapter 13 debtors with governmental or municipal lien judgments which have been entered in the Common Pleas Courts within this judicial district by the Defendant; and (2) have filed a petition for relief under Chapter 13 of the Bankruptcy Code within the last three years where the Defendant has entered its appearance, including those cases that have been dismissed; and (3) where defendant has filed at least one written motion, during the bankruptcy, in a state court case of such municipal or governmental lien, seeking to continue a sheriff's sale upon such lien; and (4) where defendant had not first obtained relief from the automatic before filing such continuance motion pursuant to 11 U.S.C. §362(d).

33. The Class is so numerous that the joinder of all members is impracticable; it is believed and therefore averred that at least forty (40) present and former Chapter 13 debtors are being, and have been, the victims of the violation,

which is the requisite number for a class certification in this judicial district. *Stewart v. Abraham*, 275 F.3rd. 220, 226-27 (3rd Cir. 2001)

34. The claims of the named Plaintiffs are typical of those of the Class.

35. The following questions of law and fact are common to all members of the Plaintiff Class: whether Defendant Portnoff Law's systematic filing of written motions to continue sheriff's sales with the various courts of common pleas within this judicial district, without first moving for relief from stay pursuant to 11 U.S.C. §362(d) after the Plaintiff Class' filing of a Chapter 13 bankruptcy petition, violates section 362(a) of the Bankruptcy Code.

36. Plaintiffs believe and therefore aver that the total damages for the Plaintiff Class are substantial when culminated and, consequently, justify class certification under Federal Rule of Civil Procedure 23(c), as made applicable here by Federal Rule of Bankruptcy Procedure 7023 and L.B.R. 7023-1.

37. The Plaintiffs will fairly and adequately represent the Plaintiff Class as well as the interests of the Plaintiff Class as a whole.

38. Plaintiffs believe and therefore aver that prosecuting separate adversary proceedings by the individual class members risks inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the Plaintiff Class.

39. Plaintiffs believe and therefore aver that the questions of law and fact common to the Plaintiff Class members predominate over any questions affecting individual members and that a class action under Rule 23 of the Federal Rules of Civil

Procedure, made applicable here by Federal Rule of Bankruptcy Procedure 7023, is a superior method for fairly and efficiently adjudicating this controversy.

40.     Defendant Portnoff Law has been employing this practice throughout this judicial district, to wit, the Eastern District of Pennsylvania and, therefore, it is requested that the Plaintiff Class be certified for, at the least, this judicial district.

**WHEREFORE**, Plaintiffs request that this Honorable Court:

(a) Take jurisdiction of this case;

(b) Certify that Plaintiff Class as set forth in paragraphs 27 through 37 above and define the class and the class claims, issues and defenses, and appoint the undersigned as class counsel pursuant to Federal Rule of Civil Procedure 23(g), made applicable to this adversary proceeding under Federal Rule of Bankruptcy Procedure 7023;

(c) Enter judgment declaring that the Defendant is wrongfully filing written motions continuing sheriff's sales with the respective courts of common pleas in cases involving the Plaintiff Class in violation of:

1. In all cases, including dismissed cases, 11 U.S.C. § 362(a); and

2. in confirmed cases, 11 U.S.C. § 1327(a); and

(d) Award damages to the Plaintiff Class, including punitive damages under 11 U.S.C. §362(k)(1), as well as an appropriate award to the Plaintiff Class representatives, and reasonable attorney fees for the Plaintiff Class' counsel and all costs of involved in bringing this class action.

Respectfully submitted,

/s/ *Joseph F. Claffy*
Joseph F. Claffy, Esquire
26 S. Church Street
West Chester, PA 19382
(610) 429-0900
FAX: (610) 429-9550
claffylaw@aol.com

/s/ *Mark A. Cronin*
Mark A. Cronin, Esquire
P.O. Box 711
1018 N. Bethlehem Pike
Suite 203B-1
Spring House, PA 19477
(610) 585-1702
FAX: (484) 266-0832

Attorneys for Plaintiffs Michael Billings and Kathleen Billings