**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | CHAPTER 13 |
| MICHAEL T. BILLINGS and KATHLEEN BILLINGS | |
| Debtors. | CASE NO. 14-12874 (ELF) |
| | ADV. PROC. NO. 15-00470 (ELF) |
| MICHAEL T. BILLINGS and KATHLEEN BILLINGS | |
| Plaintiff, | |
| V. | |
| PORTNOFF LAW ASSOCIATES, LTD., | |
| Defendant. | |

## MOTION TO DISMISS

Portnoff Law Associates, Ltd. ("Portnoff") moves to dismiss this class action complaint under Fed. R. Bankr. P. 7012(b), which incorporated Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted and alleges in support thereof as follows:

**A.** **Allegations in the Complaint**

1.     On July 10, 2013 Portnoff on behalf of West Bradford Township obtained a default judgment against Michael T. Billings and Kathleen Billings ("Billings"), the plaintiffs in this adversary proceeding, for $5,259.61 in a municipal lien lawsuit in the Court of Common Pleas of Chester County.  Complaint ¶ 13.

2.     Portnoff filed a praecipe for a writ of execution and scheduled a sheriff's sale to auction Billings' real property located at 600 Jolene Drive, West Chester, PA to satisfy the judgment. Complaint ¶ 14.

3.      Billings filed a Chapter 13 Petition on April 11, 2014.  Complaint ¶ 11.

4.      At the scheduled sheriff's sale Portnoff gave oral notice that the sale of the Billings' real estate was continued to a later date.  Complaint ¶ 15.

5.      On August 20, 2014, October 15, 2014, January 14, 2015, April 14, 2015 and September 16, 2015, Portnoff filed written motions with the Chester County Court of Common Pleas seeking to continue the Chester County sheriff's sale.  Each motion was granted by the state court.  Complaint ¶¶ 18, 19, 20, 23, and 24; Exhibit "B".

6.      Portnoff did not obtain relief from the automatic stay before seeking the continuances referred to in paragraph 5.  Complaint ¶¶ 18, 19, 20, 23 and 24.

7.      Billings allege that the filing and service of motion pleadings requesting continuances of the sheriff's sale dates violate Bankruptcy Code § 362(a).  Complaint ¶¶ 1, 6 and 25.

**B.      Postponement of a Sheriff's Sale Does Not Violate the Automatic Stay**

8.      In *Taylor v. Slick,*  178 F.3d 698 (3d Cir. 1999), *cert. denied,* 528 U.S. 1079 (2000),  the Third Circuit held that continuation of a sheriff's sale pursuant to the Pennsylvania Rules  of Civil Procedure is not a stay violation.

9.      The Third Circuit stated in *Taylor*:

> This court has not previously addressed whether the postponement or continuation of a sheriff's sale violates the automatic stay provisions of 11 U.S.C. §362(a). We are persuaded by a consistent line of cases from other courts, however, and hold that the continuance of a sheriff's sale in accordance with state law procedure during the pendency of an automatic stay does not violate §362(a)(1).

*Id*. at 701.

10.      The Third Circuit further stated:

> The "continuation" of a sheriff's sale, . . ., connotes the postponement of a proceeding, and effectuates the purposes of § 362(a)(1) by preserving the status quo until the  bankruptcy process is completed or until the creditor obtains relief from the automatic stay. . . .   A postponement notice does

not, by itself, permit the rescheduled sheriff's sale to occur. So long as the bankruptcy petition is pending before the bankruptcy court, a creditor must apply for and obtain relief from the stay before it can proceed with the sale on the date certain. Rule 3129.3(b), Pennsylvania Rules of Civil Procedure, preserves the status quo and permits the creditor to avoid the duplicative foreclosure costs that would eventually be deducted from the proceeds of the sale (to the disadvantage of the debtor).

*Id.* at 702.

11.     *Taylor* is the law in this jurisdiction. *See In re Schwartz,* 2010 WL 2465425 (Bankr. E. D. Pa. 2010); *In re Angulo,* 2010 WL 1727999 (Bankr. E. D. Pa. 2010).

12.     Billings' attempt to distinguish *Taylor* on the basis that the sheriff's sale continuances in this matter were made by written motion is without merit, as none of the Third Circuit's reasoning in *Taylor* was based on the fact that the continuance there was made by oral motion as opposed to written motion.

C.     *Townsville* **Is Not Applicable**

13.     The complaint alleges that

Maintaining the "status quo", which was the underpinning theory of the Third Circuit's holding in *Slick,* is not the case where the Plaintiffs and Plaintiff class are subject to additional legal fees in connection with the motions herein complained of. *See In re Townsville,* 268 B.R. 95 (Bankr. E.D. Pa. 2001). Complaint ¶ 5.

Defendant has clearly overstepped the leeway granted in *Slick, supra,* because it repeatedly requests judicial action and, among other things, changes the status quo by burdening the debtor with repeated relisting of the sheriff's sale and attendant legal fees. Complaint ¶ 27.

14.     The bankruptcy court in *Townsville* stated:

[U]nlike in *Taylor,* postponement notices in the instant case were subsequently placed in a newspaper and, **most importantly**, the cost of having the notices published was **added to the amount of the foreclosure judgment** against the Debtor. This act altered the status quo. Consequently, Debtor may be successful in establishing that the Sheriff and/or Bankers violated the automatic stay by causing the postponement notices to be published in the Legal Intelligencer. (Emphasis added.)

268 B.R. at 125.

15. *Townsville,* by way of dicta, suggests that an act which adds costs to the amount of the judgment may constitute a violation of the automatic stay.

16. The complaint does not allege, and Billings cannot allege, that any costs were added to the judgment as a result of the filing of motions for continuances of the sheriff's sales.

17. Unlike in *Townsville,* no postponement notices were placed in a newspaper and no costs for such notices were added to the judgment.

18. The complaint does not allege, and Billings cannot allege, that they paid or were charged any attorney fees by Portnoff as a result of the filing of motions for continuance of the sheriff's sales.

**D.** **The Injunction That Billings Requests Would Harm It and the Class It Seeks to Represent**

19. The motions that Portnoff files to continue sheriff's sales preserves the status quo and benefit the class that Billings seeks to represent, as the alternative to continuing the sales is to stay them, which, in the event that the sale would need to be relisted, would require new publication by advertisement of the sale, the costs for which would be added to the underlying amount of the debt to the disadvantage of the homeowner.

WHEREFORE, Portnoff requests that the complaint be dismissed.

/s/ *Michael L. Temin*
Michael L. Temin
Fox Rothschild LLP
2000 Market Street – 20th Floor
Philadelphia, PA 19103-3222
Tel. (215) 299-3835
Fax (215) 299-2150
Email: mtemin@foxrothschild.com

Dated: November 18, 2015          Attorneys for Portnoff Law Associates, Ltd.